TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Mary Nicholes*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Nicholes, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

   NOW COMES THE PLAINTIFF, MARY NICHOLES, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

1

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. SYNCB/Lowes is reporting its trade line with account number 798192403033XXXX with multiple charge offs on Ms. Nicholes' Experian credit file. Also, Wells Fargo is reporting its trade line with account number 446542XXXX on Ms. Nicholes' Experian credit file with multiple charge offs. These trade lines are hereinafter referred to as "Errant Trade Lines."

7. The multiple charge offs convey to any user or prospective of Ms. Nicholes' credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

8. These multiple charge offs are inaccurate in that they inaccurately reflect the accounts as having been charged off multiple times.

9. On or about January 13, 2016, Ms. Nicholes obtained her credit files and noticed that Wells Fargo and SYNCB were reporting multiple charge offs on the Errant Trade Lines.

10. On or about February 3, 2016, Ms. Nicholes submitted a letter to Experian, disputing the multiple charge offs on the Errant Trade Lines. This is the first time that Ms. Nicholes disputed the multiple charge offs on the Errant Trade Lines.

11. On or about February 17, 2016, Ms. Nicholes received Experian's investigation results, which showed that the multiple charge offs continued to report on the Errant Trade Lines.

12. However, on or about this same date, February 17, 2016, Ms. Nicholes received a letter from Experian, which stated that it already investigated the matter and pursuant to the FCRA 611(a)(3)(A) it would not reinvestigate the

matter again. This revealed that Experian did not forward the dispute letter to Synchrony Bank or Wells Fargo.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Nicholes as that term is defined in 15 USC 1681a.

15. Such reports contained information about Ms. Nicholes that was false, misleading, and inaccurate.

16. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Nicholes, in violation of 15 USC 1681e(b).

17. After receiving Ms. Nicholes' consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

18. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Nicholes has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

19. Experian is liable to Ms. Nicholes by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Nicholes as that term is defined in 15 USC 1681a.

22. Such reports contained information about Ms. Nicholes that was false, misleading, and inaccurate.

23. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Nicholes, in violation of 15 USC 1681e(b).

24. After receiving Ms. Nicholes' consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

25. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Nicholes has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

26. Experian is liable to Ms. Nicholes by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 15, 2016

>By: */s/  Trinette G. Kent*
>Trinette G. Kent
>Attorneys for Plaintiffs,
>Mary Nicholes